**Sharon BERNTSON, Plaintiff,**

v.

**Richard B. CHENEY, Secretary of Defense, Defendant.**

**No. 90 C 5813.**

United States District Court, N.D. Illinois, E.D.

March 8, 1993.

Donald Kent Morrison, Katherine Susan Mix, Catherine Elizabeth Churm, Morrison & Mix, Chicago, IL, for plaintiff.

Madeleine S. Murphy, Asst. U.S. Atty., Chicago, IL, for defendant.

## MEMORANDUM OPINION

BUCKLO, United States Magistrate Judge.

Sharon Berntson filed suit against Richard B. Cheney, Secretary of Defense, pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794, alleging that the Government terminated her employment because of her handicap (epilepsy) and failed to make reasonable accommodations to deal with her disability as required by the Rehabilitation Act. Following discovery, the parties consented to trial before me. Trial was set for September 16, 1992. On that day, counsel for the parties informed me that the parties had agreed to a settlement of the dispute. I dismissed the case with leave to reinstate within 60 days.

On November 9, 1992, Ms. Berntson moved to vacate the dismissal and reinstate the case, alleging that she had been coerced into a settlement by her attorney. Ms. Berntson's attorney, Douglas Morrison, subsequently was allowed to withdraw from further representation in this case. I appointed a new attorney to represent Ms. Berntson but allowed him to withdraw when Ms. Berntson disagreed with his conclusions regarding an appropriate disposition of the case. I held an evidentiary hearing on the issue raised by Ms. Berntson in her motion on February 10, 1993.

At the hearing, and in a letter dated the same date sent to the Court following the hearing, Ms. Berntson stated that she had agreed to settle this case for $1,500.00. Mr. Morrison agrees that $1,500.00 is the amount of settlement. Mr. Morrison states, and the Government agrees, that the Government agreed to pay $1,000.00. He decided to pay the additional $500.00 out of his own pocket because Ms. Berntson would not settle for less, the Government would not pay more, and he believed the case should be settled. All of this took place on the morning of the date set for trial. Ms. Berntson says that when she agreed to the $1,500.00 settlement, it was with the idea that the Government would pay the whole amount. It is undisputed that she did not learn that her attorney was going to pay $500.00 of the settlement amount until after she had filed her motion seeking to have the case reinstated.

The evidence with respect to Ms. Berntson's allegations that she was coerced into settlement was minimal. She testified that Mr. Morrison appeared "cold" and was "abrasive." She said that Mr. Morrison had indicated at one time that the court might allow her to testify in chambers, but that the week before trial, Mr. Morrison indicated this would not be possible. (No suggestion or motion to hold any part of the trial any place other than the courtroom was ever made.) She testified further that in a meeting in preparation for trial, Mr. Morrison indicated that it was possible he would object to questions asked by counsel for the Government in a loud tone of voice. All of this is relevant because stress causes Ms. Berntson to have seizures. She says she would begin shaking in Mr. Morrison's office.

Ms. Berntson stated that on the morning of trial, Mr. Morrison apologized for his behavior in previous meetings. He telephoned the Government and then told her the case could be settled for $1,500.00. She testified that she agreed to the settlement. She says she was very tense and nervous on that date.

Ms. Berntson's husband, Lionel Berntson, also testified. His testimony was similar to that of Ms. Berntson. He also testified that on the day of trial, his wife was shaky, and that he could tell she was close to having a seizure. He testified that she told Mr. Morrison she would settle for $1,500.00 in response to his question asking her how much she would want in settlement. He said she relaxed after finding out that the case would be settled for that amount. Mr. Berntson also testified, on cross-examination, that on the way home that day, he told his wife that

she should not have agreed to settle for $1,500.00.

Mr. Morrison testified that he discussed the possibility of settlement with Ms. Berntson on September 9, 14 and 16, 1992. He testified that he spent several hours with Ms. Berntson on September 9 and 14, attempting to prepare her for trial. She was to be his only witness. He testified that Ms. Berntson exhibited almost no memory of the events that would be in issue in the trial. He said he brought up the issue of settlement because he concluded she would not be a good witness. He was also concerned that she would not have the emotional capacity to undergo cross-examination or the stress of a trial.

Mr. Morrison testified that on either the 9th or 14th of September, he asked Ms. Berntson what amount she would take in settlement and she indicated $10,000.00 or more. The Government indicated it would pay only $500.00. On September 16, Mr. Morrison testified he again asked Ms. Berntson what amount she would take to settle the case and she said $1,500.00. He testified that he called the Government attorney, who said she did not think she could settle for more than $500.00. However, the Government came back with a figure of $1,000.00. Mr. Morrison said he knew from past discussions with Ms. Berntson that she would not take $1,000.00, although he may have asked her if she would take that amount. He decided to put in $500.00 of his own to avoid having her go through the trial.

Mr. Morrison also testified that he was not abrasive with Ms. Berntson. He says he learned she was dissatisfied with the settlement a few days after September 16.

■ On the basis of the testimony that I heard, I am unable to conclude that Ms. Berntson was coerced into settlement. At the hearing, she was shaky. She and her husband repeatedly volunteered that they were surprised she had not had a seizure so far during the hearing. Ms. Berntson's own testimony was that she freely agreed to settle the case for $1,500.00. People have many reasons for agreeing to a settlement. Avoiding the stress of a trial is probably a fairly common reason. It is possible that Mr. Morrison added to that stress by an abrasive manner (although he did not show such an attitude in court it is possible he did with his client), but Ms. Berntson chose her attorney and she did not indicate that he was suddenly acting in a manner that was different from any way he had acted on previous occasions. (Ms. Berntson's husband was the only person in these proceedings to raise his voice—he had to be admonished to lower his voice at one point—and Ms. Berntson did not appear to react to his raised voice.) At any rate, based on Ms. Berntson's own testimony, I can find no basis for concluding that she was coerced into agreeing to the settlement.

■ The last issue is whether, even if Ms. Berntson was not coerced into the settlement, she should be bound by it against her wishes when the Government is not, as she had thought, paying the entire settlement. A settlement agreement is a contract. To constitute a valid contract, there must be an offer, acceptance and consideration. *Taylor v. Gordon Flesch Co., Inc.,* 793 F.2d 858, 862 (7th Cir.1986). Assent to the contract must be knowing, that is, "done voluntarily and purposely, and not because of a mistake or accident." *Id.* at 863, quoting from *United States v. Jones,* 696 F.2d 479, 493 (7th Cir. 1982). The parties to the alleged settlement in the present case were the Government and Ms. Berntson. The Government offered $1,000.00 in settlement. Ms. Berntson accepted what she believed to be an offer of $1,500.00. Without question, there was no agreement on a settlement between the parties to the case. While Ms. Berntson could have agreed to a settlement that would have involved $1,000.00 from the Government, and an additional $500.00 from her attorney, she was not told that this was what she was being offered. I conclude there was not a valid contract.

It follows that the judgment of dismissal in this case must be vacated and the case set for further proceedings.